UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| Case No. | **EDCV 26-02214-KK-SPx** | Date: | May 8, 2026 |
|---|---|---|---|

| Title: | ***Ashley Jones v. Bell Partners, Inc.*** |
|---|---|

Present: The Honorable   KENLY KIYA KATO, UNITED STATES DISTRICT JUDGE

| Dominique Carr | Not Reported |
|---|---|
| Deputy Clerk | Court Reporter |

| Attorney(s) Present for Plaintiff(s): | Attorney(s) Present for Defendant(s): |
|---|---|
| None Present | None Present |

**Proceedings:    (In Chambers) ORDER TO SHOW CAUSE Regarding Subject Matter Jurisdiction**

Federal courts are courts of "limited jurisdiction" which "possess only that power authorized by Constitution and statute." Kokkonen v. Guardian Life Ins. Co. of Am., 511 U.S. 375, 377 (1994). Thus, a federal court has "an independent obligation to determine whether subject-matter jurisdiction exists," and may raise the issue "on its own initiative, at any stage in the litigation." Arbaugh v. Y&H Corp., 546 U.S. 500, 506, 514 (2006). The party asserting federal jurisdiction bears the burden of proving jurisdiction exists. Me. Cmty. Health Options v. Albertsons Cos., 993 F.3d 720, 723 (9th Cir. 2021); accord Rosenwald v. Kimberly-Clark Corp., 152 F.4th 1167, 1175 (9th Cir. 2025) ("The party seeking to invoke the district court's diversity jurisdiction always bears the burden of both pleading and proving diversity jurisdiction." (citation modified)).

Under the Class Action Fairness Act of 2005 ("CAFA"), a federal district court has original diversity jurisdiction over class actions where: (1) there are at least 100 class members; (2) any class member is a citizen of a state different from any defendant; and (3) the aggregate amount in controversy exceeds $5,000,000. 28 U.S.C. §§ 1332(d)(2), (5)(B).

Here, the operative Complaint asserts jurisdiction pursuant to CAFA. ECF Docket No. ("Dkt.") 1, Complaint ("Compl.") ¶ 11. However, Plaintiff has not alleged sufficient facts to establish the Court has subject matter jurisdiction over this matter. Specifically, Plaintiff fails to adequately allege there are at least 100 class members. Moreover, while Plaintiff asserts the aggregated damages "will exceed the $5,000,000 threshold for CAFA jurisdiction," this amount-in-controversy allegation appears speculative and conclusory, especially in light of Plaintiff's failure to allege any facts regarding the number of putative class members. Id. ¶ 12; see also Byars v. Hot

| Page **1** of **2** | **CIVIL MINUTES—GENERAL** | Initials of Deputy Clerk DC |
|---|---|---|

<u>Topic, Inc.</u>, 656 F. Supp. 3d 1051, (C.D. Cal. 2023) ("[A] threadbare recitation of the amount in controversy element for subject matter jurisdiction under CAFA is insufficient, without more, to establish the Court's subject matter jurisdiction." (citation modified)).

Accordingly, Plaintiff is **ORDERED TO SHOW CAUSE** in writing why this action should not be dismissed for lack of subject matter jurisdiction.  Plaintiff shall file a response to this Order **no later than seven (7) days from the date of this Order**.

**Plaintiff is expressly warned that failure to timely file a response to this Order will result in this action being dismissed without prejudice for lack of subject matter jurisdiction.**  See <u>Arbaugh</u>, 546 U.S. at 514.  The Court notes dismissal without prejudice would permit Plaintiff to file this action in state court.

**IT IS SO ORDERED.**